■ HARRY PINE, Plaintiff, v SHELDON H. SOLOW, Appellant, and JULES J. HASKEL, Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered August 1, 1978, denying defendant Solow's motion for an order dismissing the cross claim of defendant Haskel pursuant to CPLR 3212, affirmed, with costs and disbursements. Plaintiff in his first cause of action against all the defendants (Solow, Haskel and Lithos Properties, Inc.) alleges that they engaged in a conspiracy to defraud him of his interest in certain real property. In his second cause of action against defendant Haskel only, plaintiff charges said defendant with committing alleged acts of negligence in performing his duties as attorney in connection with the events described in the first cause of action. Special Term by order entered September 28, 1976, permitted defendant Haskel to serve an amended answer containing a *"Dole v. Dow"* cross claim against defendant Solow without passing on the propriety of the amended pleading. Thereafter, defendant Solow moved to dismiss the cross claim against him brought by defendant Haskel pursuant to CPLR 3211 (subd [a], par 7)—failure to state a cause of action—which motion was denied, Special Term finding that the cross claim states a cause of action. No appeal was taken from this order. Subsequently, one year later, defendant Solow moved for an order dismissing the cross claim of Haskel pursuant to CPLR 3212, arguing before Special Term that defendant Haskel in an examination before trial stated that there was no conspiracy and such admission entitled him (Solow) to dismissal of the cross claim on the merits. Defendant Haskel appropriately pointed out that his request for contribution under *Dole v Dow* is based upon *plaintiff's claim of conspiracy* and it is plaintiff's claim which raises the issue of conspiracy and that under *Dole v Dow* until plaintiff's claim is resolved, he (Haskel) may look to defendant Solow for indemnification and/or contribution. Special Term agreed and denied defendant Solow's motion for 3212 relief, observing: "There is an issue presented herein whether one or all of the defendants committed a wrong against the plaintiff. This issue cannot be determined by the defendant Haskel's testimony in his pre-trial deposition." On this record, the statement by Haskel alone in this procedural context is clearly insufficient to permit granting the drastic remedy of summary judgment. Defendant Solow's argument that Haskel's cross claim is subject to dismissal under section 15-108 of the General Obligations Law because plaintiff has released Solow, is similarly unavailing because it is based only on Solow's conclusory assertion that such release was given. There is no supporting proof in the form of an affidavit from plaintiff or of the release itself, and knowledge of the release is within the exclusive possession of the signatories. The dissent, while implicitly recognizing that a factual issue precluding summary judgment is presented regarding the issue of the alleged release, would reverse Special Term and grant defendant Solow summary judgment on the ground that Haskel's cross claim may not

be asserted because it "would only mature in the event the plaintiff was successful." As the gravaman for this conclusion, the dissent states that "there can be no such claim over" by defendant Haskel against defendant Solow "until or unless the plaintiff is successful against [Haskel]". Such a result not only ignores the principles enunciated in *Dole v Dow Chem. Co.* (30 NY2d 143) and its progeny, but also, in effect, faults the two prior Special Term orders not appealed from which permitted the amendment whereby the cross claim was asserted and passed upon the propriety of the cross claim for pleading purposes. There can, of course, be no *recovery* by defendant Haskel on his cross claim against Solow until the plaintiff is successful against Haskel, but this does not prevent the assertion of the cross claim (CPLR 1401). Concur—Sullivan, Lane, Markewich and Lupiano, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and grant the motion dismissing the cross claim of the defendant-respondent. The plaintiff is suing his own lawyer in connection with a real estate transaction. Among the allegations is one that the lawyer conspired with the third-party defendant in order to defraud the plaintiff. The contention that the lawyer conspired is based on the fact that the third-party defendant arranged to accept the assignment of a second mortgage in place of the mortgage's satisfaction. While it is contended that the plaintiff and the third-party defendant exchanged general releases and entered into a stipulation of discontinuance, there is some question as to the full validity thereof. However, my determination is based solely on the fact that the attorney denies the conspiracy, and his right against the third-party defendant would only mature in the event the plaintiff was successful. There is no purpose in having this third-party claim or cross claim continuing. This claim, if any, is based solely on the right to indemnity or contribution, and until or unless the plaintiff is successful against his attorney, there can be no such claim over by that attorney against the third party.