■ Paul McQuaig, Respondent, v Opympia & York 125 Broad Street Company et al., Appellants. Olympia & York 125 Broad Street Company, Third-Party Plaintiff-Appellant, v George Kleinknecht, Inc., et al., Third-Party Defendant, and Salomon Brothers, Inc., Third-Party Defendant-Appellant. A-J Contracting Co., Inc., Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Plaintiff. Salomon Brothers, Inc., Third Third-Party Plaintiff-Appellant, v P-One Maintenance Service Co., Inc., et al., Third Third-Party Defendants. Olympia & York 125 Broad Street Company, Fourth Third-Party Plaintiff, v Triangle Maintenance Service, Fourth Third-Party Defendant-Appellant. [668 NYS2d 614]

—Order, Supreme Court, New York County (Norman Ryp, J.), entered October 22, 1996, which, upon plaintiff's motion for reargument, denied defendants' motions to preclude plaintiff's claim of violation of 12 NYCRR 23-1.7 (d) and to dismiss the cause of action under Labor Law § 241 (6), unanimously affirmed, without costs.

We assume in defendant's favor that plaintiff's assertion of 12 NYCRR 23-1.7 (d) as a basis for liability under Labor Law § 241 (6) required court leave (*but compare*, CPLR 3042 [b], *with* CPLR 3025 [a], [b]), and affirm what was, in effect, the granting of such leave. Defendants' challenge to the merits of the claim—that 12 NYCRR 23-1.7 (d) does not apply where the foreign substance responsible for a slippery condition is an integral part of the construction process—requires both legal and factual review too embracing given the context. "[T]he policy of this Court has always been consistent with the rule that, in the absence of prejudice or unfair surprise, requests for leave to amend should be granted freely." (*Aetna Cas. & Sur. Co. v LFO Constr. Corp.*, 207 AD2d 274, 277.) Here, plaintiff alleges no new facts but only a regulation particularizing his originally pleaded allegation that defendants failed to provide him with a safe work place in violation of Labor Law § 241, discovery was still in progress at the time the amendment was sought, and defendants do not demonstrate any significant prejudice. Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.