■ PETER CAMPANELLA et al., Appellants, v ST. LUKE'S ROOSEVELT HOSPITAL et al., Respondents, et al., Defendants. (And a Third-Party Action.) [669 NYS2d 287] —Order, Supreme Court, New York County (Norman Ryp, J.), entered November 12, 1996, which, *inter alia*, granted defendant St. Luke's Roosevelt Hospital's (St. Luke's) motion and defendant Avalanche Wrecking Corp.'s (Avalanche) cross-motion for summary judgment dismissing plaintiffs' cause of action under Labor Law § 240 (1)

and denied plaintiffs' cross-motion for summary judgment with respect to said cause of action, unanimously modified, on the law, to deny St. Luke's motion for summary judgment and grant plaintiffs' cross-motion against St. Luke's, and otherwise affirmed, without costs.

At issue on this appeal is whether defendants are liable under Labor Law § 240 (1) for an injury suffered by plaintiff while working as a construction laborer.

The evidence set forth by the parties on their motion and cross-motion for summary judgment demonstrated that, on October 8, 1991, plaintiff Peter Campanella was employed by third-party defendant Lehrer McGovern Bovis, Inc., and was engaged in construction work on a building owned by defendant St. Luke's.

Plaintiff, who was working under the supervision of another Lehrer McGovern employee, was instructed to help load timbers into a dumpster owned by Avalanche. He proceeded to stand in the dumpster, on top of some debris, and was handed the timbers by two co-workers from the first floor roof, 8 to 12 feet above him. Plaintiff had successfully guided a number of timbers so that they fell into the dumpster when he was handed a particularly heavy timber, which he was unable to control. In order to keep it from crushing him, he twisted away and fell, thereby injuring his back. After the accident, an employee of Avalanche, a subcontractor on the site, came over to replace him in the task. This was the first time plaintiff had met any Avalanche employee.

We find that this factual showing entitles plaintiff to summary judgment on the issue of St. Luke's liability under Labor Law § 240 (1). The lowering of the timbers from an 8 to 12 foot elevation without the aid of any safety device was clearly a hazard implicating the statute, which provides special protections for workers involved in jobs that "entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see also, Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194; *Sherman v Babylon Recycling Ctr.*, 218 AD2d 631, *lv dismissed* 87 NY2d 895). Defendant St. Luke's, as owner, was therefore liable irrespective of the degree of supervision it exercised over the work (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494).

However, we find that the cause of action was properly dismissed against Avalanche on the alternative ground that plaintiffs failed to raise an issue of fact that Avalanche had

any role in supervising the task. While a party other than the owner or general contractor may be held liable under section 240 (1) as the owner's agent by virtue of having authority to supervise and control the work being performed at the time of injury (*see, Russin v Picciano & Son,* 54 NY2d 311, 317-318), here, Avalanche showed, based upon plaintiff's testimony that he was supervised by a Lehrer McGovern employee, that it did not supervise plaintiff's task (*see, e.g., Uht v Hazan & Sawyer Envtl. Engrs. & Scientists,* 243 AD2d 290). Plaintiff failed to counter this showing with any evidence of Avalanche's supervision, merely showing that an Avalanche employee may have performed his task after the incident. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.