■ Jose Desousa et al., Respondents, v City of New York et al., Defendants, and Slattery Associates, Inc., Defendant

and Third-Party Plaintiff-Respondent. ROMANO ENTERPRISES OF NEW YORK, INC., Sued Herein as ROMANO PAINTING COMPANY, Third-Party Defendant-Appellant. [699 NYS2d 475] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated December 2, 1998, as granted the plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1) insofar as asserted against the defendant third-party plaintiff and granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment on its third-party claim for contractual and common-law indemnification against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Jose Desousa (hereinafter the plaintiff) was working on an elevated pier from which he could descend only by jumping onto a platform several feet below, and then by getting onto a boom which would transport him to the ground thirty feet below that. The plaintiff injured himself while jumping down onto the platform. According to the plaintiff, no ladders were supplied to aid him and his fellow laborers in their descent to the platform, and the defendants offered no evidence to contradict this testimony, arguing only that ladders were not necessary.

On this record, the plaintiff has established that his injuries resulted from an elevation-related risk within the purview of Labor Law § 240 (1), and that no safety devices were provided to him to prevent his injury (*see, e.g., Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Binetti v MK W. St. Co.,* 239 AD2d 214; *Norton v Bell & Sons,* 237 AD2d 928).

The contract between Romano Enterprises of New York, Inc., s/h/a Romano Painting Company (hereinafter Romano) and Slattery Associates, Inc. (hereinafter Slattery), unequivocally obligated Romano to defend and indemnify Slattery in the event of any injury arising from the work contemplated by the agreement. Moreover, it was Romano, not the general contractor, which was directing, controlling, and supervising the work at the time of the plaintiff's accident (*see, e.g., Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Davis v Board of Trustees,* 240 AD2d 461; *Sprague v Peckham Materials Corp.,* 240 AD2d 392; *Canka v Coalition for the Homeless,* 240 AD2d 355).

The remaining contentions of Romano are without merit. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.