■ FRANK RIZZO et al., Appellants, v HELLMAN ELECTRIC CORP. et al., Respondents. GRACE INDUSTRIES, INC., et al., Third-Party Plaintiffs-Respondents, v PEM ELECTRICAL CORP., Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [723 NYS2d 4] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 10, 2000, which denied plaintiffs' motion for partial summary judgment as to liability under Labor Law § 240 (1), granted defendants Grace Industries, Inc. and Grace/Lansing's cross-motion for summary judgment dismissing plaintiffs' cause of action under Labor Law § 240 (1), and granted defendants Control System International, Inc. and Hellman Electric Corp.'s motion for summary judgment dismissing plaintiffs' complaint in its entirety as against those defendants, unanimously modified, on the law, plaintiffs' motion granted, defendants Grace Industries and Grace/Lansing's cross-motion denied, defendants Control System International and Hellman Electric's motion denied insofar as it sought dismissal of plaintiffs' causes of action under Labor Law § 240 (1) and § 241 (6), and otherwise affirmed, without costs.

Plaintiff Frank Rizzo was working on the construction of a thermal distribution system throughout John F. Kennedy International Airport which required the renovation of mechanical equipment rooms. His specific assignment required him to go underneath the International Arrivals Building into a crawl space where new panels, thermostats and sensors had to be installed; to gain access to that area, he had to descend a steel rung ladder equipped with railings on both sides and bolted in place. He had worked in that location for a week, using the ladder about a dozen times a day, and observed water

puddles at either end of the ladder which caused the rungs to get wet and gravelly. Plaintiff slipped while descending the ladder, was able to break his fall by holding onto the ladder with his right arm and sustained injuries to his arm and shoulder. The Scaffold Law requires that a ladder be operated to afford protection to a worker; it is undisputed that the ladder here was insufficient to prevent this fall due to chronic puddling which caused the rungs to be slippery. Plaintiffs were, accordingly, entitled to summary judgment on their Labor Law § 240 (1) cause of action (*Gonzalez v 1251 Ams. Assocs.*, 262 AD2d 210; *Livecchi v Eastman Kodak Co.*, 258 AD2d 916; *Klein v City of New York*, 222 AD2d 351, *affd* 89 NY2d 833; *Robinson v NAB Constr. Corp.*, 210 AD2d 86).

The IAS court also dismissed plaintiffs' causes of action under Labor Law § 240 (1), § 241 (6) and § 200 and common-law negligence against defendants Hellman and Control, holding these defendants had not performed any on-site work and had not exercised any supervision or control over Rizzo's work. Hellman and Control each became statutory agents of Montague and, as such, each retained non-delegable authority to supervise and control the work being performed at the time of the injury (*Russin v Picciano & Son*, 54 NY2d 311). To hold either of these defendants liable on the basis of section 240 (1) or section 241 (6) there is no requirement that actual supervision or control have been exercised (*Campanella v St. Luke's Roosevelt Hosp.*, 247 AD2d 294). To hold either liable on the basis of section 200 or common-law negligence, however, there must be evidence that either actually supervised or controlled performance; therefore, dismissal was proper (*Soshinsky v Cornell Univ.*, 268 AD2d 947; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506). The IAS court properly dismissed the two causes of action based on section 200 and common-law negligence but should have denied summary judgment on the section 240 (1) and section 241 (6) causes of action. Concur— Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.