■ CHARLES R. MONTGOMERY, JR., Respondent, v FEDERAL EXPRESS CORPORATION et al., Appellants and Third-Party Plaintiffs-Respondents. FORTUNE INTERIOR DISMANTLING CORP., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [763 NYS2d 600] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered February 7, 2003, which, insofar as appealed from, granted plaintiff's cross motion for partial summary judgment against defendants Federal Express Corporation and JM Dennis Corp., on the issue of liability on his Labor Law § 240 (1) claim, and denied third-party defendant Fortune Interior Dismantling Corp.'s cross motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, plaintiff's cross motion denied, the cross motion of defendants Federal Express and JM Dennis for summary judgment dismissing the entire complaint as to them and third-party defendant Fortune's cross motion for dismissal of the third-party complaint as against it granted. The Clerk is directed to enter judgment accordingly.

In so ruling, the motion court held that the "accident oc-

curred as a result of defendants' failure to provide plaintiff with a ladder or other safety device to enable him to descend from the machine room[, which failure] was a proximate cause of his injuries (*see Desousa v City of New York*, 267 AD2d 195 [2nd Dept 1999])."

However, this is not a situation similar to *Desousa*, where plaintiff was working on an elevated pier from which he could only descend by jumping onto a platform several feet below and where defendants only argued that ladders were unnecessary. Nor is it a situation where, after plaintiff and his supervisor ascended to the elevated work site, the stairs or ladder used to access the site were removed without notice, thus stranding the two men in a precarious or dangerous location.

Rather, as they approached the work site, a motor room elevated above the roof, the men saw that the permanent stairs to the motor room, which had been there the day before, had been removed, apparently as a consequence of certain scheduled demolition work, which included the "removal of the stairway between the roof and the motor room." At that point, the normal and logical response would have been to go and get a ladder or other appropriate safety device to gain access to the motor room. Instead, plaintiff located a bucket, which was 1½ feet in height, placed it upside down, and used it as a step to gain access to the motor room, where the men then performed their work. After finishing their task, plaintiff's supervisor left the motor room by jumping down to the roof. After his supervisor had successfully negotiated the jump, plaintiff attempted to do the same, but seriously injured his knee upon landing.

Plaintiff's jump from the motor room to the roof under the circumstances presented was not reasonably foreseeable and, thus, was an intervening act which constituted a superseding cause for the knee injury he sustained as he landed (*see Egan v A.J. Constr. Corp.*, 94 NY2d 839 [1999]).

Accordingly, defendants Federal Express, the owner of the building, and JM Dennis, the general contractor, should have been granted summary judgment dismissing plaintiff's claim pursuant to Labor Law § 240. Moreover, whether or not Fortune removed the stairs is immaterial inasmuch as such removal was not a proximate cause of plaintiff's injury. Thus, third-party defendant Fortune should have been granted summary judgment dismissing the third-party complaint. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.