■ MASTERWEAR CORPORATION et al., Respondents, et al., Plaintiff, v NORMAN BERNARD, Appellant, and ALBERT S. MUSH-KIN, Respondent, et al., Defendant. [764 NYS2d 703] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 12, 2003, which, after an in camera inspection ordered by this Court, denied defendant-appellant's motion to compel disclosure of the settlement agreement between plaintiffs and defendant Mushkin, unanimously reversed, on the law and the facts, with costs, the disposition vacated and the matter remanded to the motion court for further proceedings in accordance with the discussion herein. Appeal from order, same court and Justice, entered December 10, 2002, which, to the extent appealed from, denied the motion of defendant-appellant Norman Bernard to amend his counterclaim to assert a bonus claim under a section of the parties' agreement different from the section originally pleaded and to amend his answer to assert a cross claim against defendant-respondent Albert S. Mushkin, unanimously dismissed as moot, with costs, in light of the order of the same court and Justice, entered on or about July 10, 2003, which granted reargument and, upon reargument, granted such relief.

We previously reversed the Commercial Division's order of February 25, 2002 and granted defendant-appellant Norman Bernard's motion to compel disclosure of the settlement agreement entered into between plaintiffs and codefendant Mushkin to the extent of remanding the matter for an in camera inspection to resolve any doubt as to relevance (298 AD2d 249 [2002]). "[S]ettlement agreement," as used in our prior order, was intended to refer to all of the "confidential documents" sought in Bernard's notice, which language is clearly applicable to additional documents such as affidavits. Upon remand the court should clarify precisely which documents it had reviewed, i.e., whether its determination was with respect to all of the documents sought by Bernard in his discovery notice in relation to the settlement agreement, and not only the agreement itself. To the extent that the court's previous in camera review was of the settlement agreement only, then a further in camera review of all the related documents should be conducted with the pro-

viso that irrelevant financial documents be shielded. As previously directed, upon such remand, the settling parties' remaining interest in confidentiality may be protected by an order limiting the disclosure of the settlement agreement and any related documents to Bernard and his counsel or by such other order as the Commercial Division Justice directs. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.