■ JOSEPH KILROY, Appellant, v S.K. KUM GANG SAN NEW YORK, INC., et al., Defendants, and S.K. NEW YORK, INC., Respondent. (And a Third-Party Action.) [806 NYS2d 618]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated June 1, 2004, as granted the cross motion of the defendant S.K. New York, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof granting that branch of the cross motion which was to dismiss the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against S.K. New York, Inc., and substituting therefor a provision denying that branch of the cross mo-

tion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant S.K. New York, Inc. (hereinafter SKNY), failed to establish its entitlement to judgment as a matter of law with respect to the plaintiff's cause of action pursuant to Labor Law § 240 (1). The showing of SKNY with respect to the placement of the scaffold in relation to the ditch and the adjacent pile of dirt onto which the plaintiff allegedly had to jump in order to descend from the scaffold was insufficient to establish that the plaintiff's injury was not caused by the kind of elevation-related risk contemplated by the statute (see Desousa v City of New York, 267 AD2d 195 [1999]; Binetti v MK W. St. Co., 239 AD2d 214 [1997]), or that the plaintiff's actions in jumping onto the dirt mound were the sole proximate cause of the accident (cf. Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289-292 [2003]; George v State of New York, 251 AD2d 541, 542 [1998]).

The plaintiff's remaining contentions are without merit. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.