OPINION OF THE COURT
Catterson, J.
This action arises out of a claimed violation of Labor Law § 240 (1). The plaintiff alleges that he was not provided with an adequate safety device, a guardrail, while working on a scaffold at the Time Warner Center on Columbus Circle. The plaintiff further alleges that, as a result, he fell off the scaffold and was seriously injured.
•The undisputed facts are that on July 28, 2003, the plaintiff was an employee of subcontractor New England Construction Company (hereinafter referred to as NEC) which was contracted to work at the CNN studios, between the third and eleventh floors of the 80-story building. The defendant Time Warner, Inc. is the owner of the building; the defendant Turner Construction Company was the general contractor of the construction project. On the day of the accident, the plaintiff was securing sheetrock to the ceiling on the third floor when he fell off a baker’s scaffold onto the concrete floor eight feet below. The scaffold measuring approximately two feet wide by six to eight feet long had guardrails on only two of its four sides.
The plaintiff commenced this action in February 2006, and subsequently moved for summary judgment alleging that the scaffold from which he fell was the only scaffold chained to the workers’ gang box on the third floor that day; that the scaffold lacked appropriate guardrails; and that he was not provided with any other safety devices to protect him from falling. He further alleged that he did not see any scaffolds with guardrails on the date of his accident, and that he was not instructed, at any time, that he should use only scaffolds with railings.
The defendants opposed plaintiffs motion, and cross-moved for summary judgment seeking dismissal of plaintiffs section 240 (1) cause of action. They alleged that the plaintiff was *235 instructed not to use scaffolds without guardrails at elevations above four feet; that NEC provided weekly safety meetings reiterating this rule; that scaffolds with railings were available to workers at all times; that it was NEC’s practice to set up each scaffold and that they would always remain assembled through the project; and that the plaintiff was shown how to install guardrails and where to find them. The defendants also pointed to the plaintiff’s deposition testimony in which he claimed that he had seen scaffolds with guardrails on the third floor and on other floors prior to the date of his accident. The defendants asserted that, therefore, the plaintiff was the sole proximate cause of his injuries. The plaintiff then cross-moved to amend his complaint to include a Labor Law § 241 (6) cause of action pursuant to CPLR 3025 (b) and (c).
Supreme Court denied both parties’ motions for summary judgment holding that a triable issue of fact exists as to whether safety guardrails were in place on the scaffold from which the plaintiff fell, and if they were not in place, whether they were made readily available on site for the plaintiffs use.
For the reasons set forth below, we affirm the motion court’s decision. It is well established that there is a statutory duty for contractors and owners to provide adequate safety devices for their workers. Labor Law § 240 (1) provides in pertinent part:
“All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed” (emphasis supplied).
The failure to provide safety devices constitutes a per se violation of the statute and subjects owners and contractors to absolute liability, as a matter of law, for any injuries that result from such failure since workers “ ‘are scarcely in a position to protect themselves from accident.’ ” (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985], quoting Koenig v Patrick Constr. Corp., 298 NY 313, 318 [1948].) Therefore, the statute should “ ‘be construed as liberally as may be for the *236 accomplishment of the purpose for which it was thus framed.’ ” (Zimmer, 65 NY2d at 521, quoting Quigley v Thatcher, 207 NY 66, 68 [1912].)
In order for a plaintiff to demonstrate entitlement to summary judgment on an alleged violation of Labor Law § 240 (1), he must establish that there was a violation of the statute, which was the proximate cause of the worker’s injuries. (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003].)
However, if adequate safety devices are provided and the worker either chooses not to use them or misuses them, then liability under section 240 (1) does not attach. (Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004].) Hence, in determining whether there is a violation of Labor Law § 240 (1), or whether a worker is the sole proximate cause of his injuries, the issue to be addressed first is whether adequate safety devices were provided, “furnished” or “placed” for the worker’s use on the work site.
In Zimmer, the Court of Appeals was unequivocal as to what constituted the duty of an owner or contractor to “furnish or erect, or cause to be furnished or erected,” safety devices which “shall be so constructed, placed and operated as to give proper protection” in the performance of labor described in the statute. In that case, the Court held, “[t]he mere presence of ladders or safety belts somewhere at the worksite does not establish ‘proper protection.’ ” (Zimmer, 65 NY2d at 524 [emphasis added].)
In more recent decisions, however, the Court has seemingly diluted this unequivocal stance to a point where it is possible to believe, as the dissent apparently does, that the statutory obligation of a contractor or owner to provide safety devices must be matched by an obligation on the part of the worker to exhibit a “normal and logical response” to search for the safety devices at the work site. (Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]; Robinson v East Med. Ctr., LP, 6 NY3d at 554; Miro v Plaza Constr. Corp., 38 AD3d 454 [1st Dept 2007], mod 9 NY3d 948 [2007].) Indeed, in the instant case, the dissent suggests the obligation on the part of the worker to search for a scaffold with a guardrail existed even though the work site occupied eight entire floors of the building.
A closer analysis of the cases on which the dissent relies, however, demonstrates that the Court of Appeals did not intend and could not have intended to provide support for such a lax *237 statutory interpretation. First, the phrase “normal and logical” as it pertains to a worker’s response to the lack of a safety device appears to have landed within the lexicon of Labor Law § 240 (1) by sheer happenstance. It first appeared in Montgomery v Federal Express Corp. (307 AD2d 865, 866 [2003], affd 4 NY3d 805 [2005]), where this Court found a worker to be the sole proximate cause of his injuries for using an inverted bucket rather than a ladder to gain access to a motor room after a stairway leading to it had been removed. This Court held that approaching the motor room and seeing no stairway, “[a]t that point, the normal and logical response would have been to go and get a ladder or other appropriate safety device to gain access to the motor room.” (Montgomery, 307 AD2d at 866.) The six-paragraph decision was devoid of any reference whatsoever as to the proximity or availability of ladders or any other safety devices at the site.
The Court of Appeals, nevertheless, affirmed as follows: “We agree with the Appellate Division that, since ladders were readily available, plaintiffs ‘normal and logical response’ should have been to go get one.” (Montgomery, 4 NY3d at 806 [emphasis supplied].)
The Court repeated the language and the rationale a year later again to find a worker the sole proximate cause of his injuries. This time, the Court found sole proximate cause in the worker’s failure to replace his six-foot ladder with an eight-foot ladder more suited for the job. (Robinson, 6 NY3d at 554-555.) The Court cited to its determination in Montgomery and summarized the facts of that case as follows: “Ladders were available at the job site, albeit not in the immediate vicinity . . . Citing Blake, we noted that ‘since ladders were readily available, plaintiffs normal and logical response should have been to go get one.’ ” (Id. at 554.)
While in Montgomery the Court gave no indication as to what might be considered “readily” available, in Robinson, on the other hand, the Court’s narrative included the facts that the worker knew there were eight-foot ladders on the job site and “knew what part of the garage [they] were in.” (Id. at 553.) Further, its decision included the worker’s testimony that “ T knew where the tools are located. It’s a practice of help yourself . . . ‘[y]ou just grab a ladder and do the job.’ ” (Id. at 553.) Hence, the Court concluded that the eight-foot ladder was readily available because “there were eight-foot ladders on the job site, . . . [the worker] knew where they were stored, and *238 ... he routinely helped himself to whatever tools he needed rather than requesting them.” (Id. at 554-555.)
Most recently in Miro v Plaza Constr. Corp. (38 AD3d 454 [1st Dept 2007], mod 9 NY3d 948 [2007], supra) this Court reiterated the requirement of ready availability of safety devices. In that case, the plaintiff testified that when a ladder was defective, he could request another ladder from his employer, which his employer was “pretty good” at providing from its stockroom. (Miro, 38 AD3d at 455.) The Court of Appeals, however, modified the determination of this Court where we found that the plaintiffs “normal and logical response” should have been to request another ladder since his employer had “a lot of ladders” available at its projects. (Miro, 9 NY3d at 949.) The Court held that characterization was insufficient to establish that the ladders were readily available, and thus that a triable issue of fact existed because “[a]ssuming that the ladder was unsafe, it is not clear from the record how easily a replacement ladder could have been procured.” (Id. at 949 [emphasis added].)
In essence, while the Court has not effectively defined readiness or ease of availability, the Robinson decision indicates that the requirement of a worker’s “normal and logical response” to get a safety device rather than having one furnished or erected for him is limited to those situations when workers know the exact location of the safety device or devices and where there is a practice of obtaining such devices because it is a simple matter for them to do so. The dissent’s observation does not reflect any such factors in this case. Indeed, the critical observation that “there is no evidence that plaintiff looked ‘beyond his immediate work location,’ i.e., the third floor” is predicated on the assumption that the plaintiff had an obligation to search all eight floors because he had seen scaffolds with guardrails somewhere on the job site prior to the day of the accident.
This is precisely the standard that the Zimmer Court rejected. Moreover, it is not the standard enunciated either in Montgomery or Robinson. It is highly unlikely that the availability of a scaffold with guardrails on a different floor would qualify as “ready” or “easy” availability. However, that question is not before us, since the record in this case does not establish exactly where such scaffolds were to be found on the day of the accident. To the extent that the statements and testimony of the plaintiff and the defendants conflict as to where the scaffolds with guardrails were located that day, they raise a triable issue of fact, and so preclude summary judgment.
*239 Lastly, we find the motion court properly granted the plaintiff leave to amend his complaint since the defendants are not prejudiced by the proposed amendments which do not add any new factual allegations. (See McQuaig v Olympia & York 125 Broad St. Co., 247 AD2d 273 [1st Dept 1998].)
Accordingly, the order of the Supreme Court, New York County (Edward H. Lehner, J.), entered November 28, 2007, which denied plaintiffs motion for partial summary judgment as to liability on his Labor Law § 240 (1) cause of action, denied defendants’ cross motion for summary judgment dismissing the Labor Law § 240 (1) claim, and granted plaintiffs cross motion for leave to amend the complaint to allege a cause of action under Labor Law § 241 (6), should be affirmed, without costs.