■ CASSANDRA WILLIAMS, Respondent, v THOMAS R. TOMPKINS et al., Defendants, and ENVIRONMENTAL PLANNING & MANAGEMENT, INC., Appellant. [17 NYS3d 714]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered April 6, 2015, which effectively denied defendant Environmental Planning & Management, Inc.'s (Environmental) motion to amend its answer, unanimously reversed, on the law, without costs, and the motion granted.

Given plaintiff's failure to show surprise or prejudice, the motion court abused its discretion in denying Environmental's motion to amend its answer to deny that defendant Thomas R. Tompkins was acting within the scope of his employment with Environmental at the time of the accident at issue (*see Lanpont v Savvas Cab Corp.*, 244 AD2d 208, 209 [1st Dept 1997]). A proper showing of prejudice must be "traceable not simply to the new matter sought to be added, but also to the fact that it is only now being added. There must be some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add" (*A. J. Pegno Constr. Corp. v City of New York*, 95 AD2d 655, 656 [1st Dept 1983] [internal quotation marks omitted]). Plaintiff has made no such showing. In her opposition before the motion court, plaintiff asserted that she would be prejudiced by the amendment because Environmental "would be vicariously liable for the acts of [Thomas] Tompkins," if Tompkins was operating the vehicle within the scope of his employment. This is not the kind of significant prejudice necessary to deny an amendment to the pleading, as plaintiff would suffer the same "prejudice" if Environmental had raised its scope-of-employment defense in its initial answer. Moreover, her assertion of prejudice to the Tompkins defendants is unavailing, particularly as those defendants did not oppose Environmental's motion or its appeal.

On appeal, plaintiff argues that she would be prejudiced by the amendment because, at Thomas Tompkins's deposition, she was unable to take measures in support of her position that he was acting within the scope of his employment with Environmental at the time of the accident. However, plaintiff does not say what measures she would have taken, and, in any event, discovery was not yet complete at the time of Environmental's motion. The parties may seek further discovery in light of this amendment. Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.