DEAN OROFINO, Plaintiff, v 388 REALTY OWNERS, LLC, et al., Appellants, and ADELHARDT CONSTRUCTION CORPORATION, Respondent/Second Third-Party Plaintiff-Respondent. BIORDI, INC., et al., Second Third-Party Defendants-Respondents. BIORDI, INC., Third Third-Party Plaintiff-Respondent, v MOURNE MANAGEMENT CORP., Third Third-Party Defendant-Respondent. (And Another Third-Party Action.) [46 NYS3d 16]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 6, 2016, which granted the motions by Adelhardt Construction Corporation, Biordi, Inc., Mourne Management Corp., and Interstate Mechanical Services, Inc. for summary judgment dismissing all claims and cross claims against them, unanimously modified, on the law, to deny Interstate's motion as to defendants 388 Realty Owners LLC, CityGroup Global Markets, Inc., and SL Green Realty Corp.'s (collectively, 388 Realty) claims for common-law indemnification and contribution as against it, and otherwise affirmed, without costs.

Mourne established prima facie that it did not create the condition that caused plaintiff's fall on December 18, 2009, by submitting the deposition testimony of its principal, who testified that Mourne finished building the wall around December 8, left the work area spotless and free of debris before leaving that day, and did not return to the job site to perform caulking work until January 2010 (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557 [1980]). This proof that Mourne was not on site on the day of the accident is supported by other record evidence, including the testimony of Biordi's principal. 388 Realty failed to raise a triable issue of fact (see id.). In light of Mourne's unrebutted proof warranting dismissal of the claims asserted against it, the claims against Biordi, which had subcontracted all its work to Mourne and was never on site, were also correctly dismissed.

Even if 388 Realty could assert Labor Law claims against Adelhardt, Adelhardt cannot be held liable as a statutory agent under the Labor Law, because ADCO Electrical Corporation, which subcontracted with it, did not delegate it authority to supervise and control the injury-producing work, and Adelhardt did not exercise any control over that work (see Rizzo v Hellman Elec. Corp., 281 AD2d 258, 259 [1st Dept 2001]). The record shows that Adelhardt completed all its work and turned over the work site to ADCO by December 15, 2009. Thus, any work that caused plaintiff's fall was not within Adelhardt's control. 388 Realty failed to raise a triable issue of fact. To the extent it contends that Adelhardt's time cards show its presence on the day of the accident, there is no evidence that those time cards relate to work performed on the subject project. Given the unrebutted proof that Adelhardt and its subcontractors were no longer on site at the time of the accident, Adelhardt cannot be held liable for common-law negligence.

The record presents a triable issue of fact as to Interstate's

negligence. Although the deposition transcript of Interstate's principal, initially submitted unsigned, was properly considered, the principal's testimony that Interstate did not perform work on the ninth floor on the day of the accident was equivocal. In addition, the testimony of the various deponents showing that openings were made in the wall for HVAC installation and that the wall had been "chopped out" to enlarge the holes to accommodate bigger sheet metal sleeves raises an issue of fact whether Interstate created the condition that caused plaintiff's fall. Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.