Pacheco v Almeida Concrete Pumping & Equip., Inc. (2018 NY Slip Op 03474)





Pacheco v Almeida Concrete Pumping & Equip., Inc.


2018 NY Slip Op 03474


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


302407/14 6420 6419

[*1] Claudio Pacheco, Plaintiff-Respondent,
v
Almeida Concrete Pumping and Equipment, Inc., et al., Defendants-Appellants, PJS General Construction Inc., Defendant.


Law Office of Christopher P. DiGiulio, P.C., New York (William Thymius of counsel), for appellant.
The Law Office of Bruce E. Cohen & Associates, PC, Melville (Bruce E. Cohen of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 30, 2017, which, to the extent appealed from as limited by the briefs, denied the cross motion of defendant Almeida Concrete Pumping and Equipment, Inc. (Almeida) for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241(6) claims as against it, unanimously affirmed, without costs.
The court properly denied Almeida's cross motion for summary judgment, as issues of fact exist as to whether Almeida was a subcontractor of the subject renovation project or a mere materialman not owing plaintiff a duty under the Labor Law. The record shows that Almedia leased equipment and two employees to operate the equipment, for the pouring of concrete on the subject construction project, purportedly under the supervision of defendant subcontractor Paul J. Scariano, Inc. (Scariano). Although Almeida's employees controlled the equipment, they were told where and when to pour the concrete. Thus, under the facts of this case, it is not at all clear as a matter of law that Almeida's employees did not control, or partially control, the cleanup of the equipment, during which the accident occurred (see Erickson v Cross Ready Mix, Inc., 75 AD3d 519 [2d Dept 2010], lv dismissed 16 NY3d 794 [2011]; Dorn v Johnson Corp., 16 AD2d 1009, 1010 [3d Dept 1962]).
Furthermore, there are issues of fact as to whether Almeida was a statutory agent of the owner or general contractor, with supervisory control and authority over the work being performed at the time of plaintiff's injury (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [*2][2005]; compare Orofino v 388 Realty Owners, LLC, 146 AD3d 532 [1st Dept 2017]).
We have considered Almeida's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK