Charles v William Penn Life Ins. Co. of N.Y. (2018 NY Slip Op 04295)





Charles v William Penn Life Ins. Co. of N.Y.


2018 NY Slip Op 04295


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


154111/15 -2382

[*1] Teddy Charles, Plaintiff-Appellant,
v
William Penn Life Insurance Company of New York, Defendant-Respondent.


Miller Eisenman & Kanuck, LLP, New York (Michael P. Eisenman of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains (Robert D. Meade of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 19, 2017, which, to the extent appealed from, granted defendant's motion for leave to file an amended answer with two new affirmative defenses, unanimously affirmed, without costs.
The motion court providently exercised its discretion in granting leave to amend the answer to assert a second and third affirmative defense (see CPLR 3025[b]). The delay in seeking the amendment was short and there is no indication of any significant trouble or expense that could have been avoided had defendant asserted the proposed defenses earlier, as discovery has been limited (see Powe v City of Albany, 130 AD2d 823 [3d Dept 1987]). The amendments were also based upon the decedent's medical records, which were made available to plaintiff after the first claim denial, but prior to the commencement of this action (see Cherebin v Empress Ambulance Serv., Inc., 43 AD3d 364, 365 [1st Dept 2007]). In any event, discovery can still be taken (see Williams v Tompkins, 132 AD3d 532, 533 [1st Dept 2015]).
Plaintiff's argument that defendant waived the proposed affirmative defenses, is unavailing because the defenses are not jurisdictional defenses and can be raised in an amended answer in the absence of prejudice (see Ficorp, Ltd. v Gourian, 263 AD2d 392, 392-393 [1st Dept 1999], lv dismissed in part, denied in part 94 NY2d 889 [2000]), and here, all three defenses were based on the decedent's medical records, which plaintiff had prior to the commencement of the action (see Kerrigan v Metropolitan Life Ins. Co., 117 AD3d 562, 563-564 [1st Dept 2014], lv denied 24
NY3d 912 [2014]; see also Masterwear Corp. v Bernard, 3 AD3d 305, 306 [1st Dept 2004]).
M-2382 - Teddy Charles v William Penn Life
Insurance Co. of New York
Motion to strike Point III of the reply brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK