[823 NE2d 439, 790 NYS2d 74]

TIMOTHY CAHILL, Respondent, v TRIBOROUGH BRIDGE AND TUN-
NEL AUTHORITY, Appellant.

Argued November 16, 2004; decided December 21, 2004

**POINTS OF COUNSEL**

*Ellenberg & Rigby, LLP,* New York City (*Kenneth Arthur Rigby, John Wiess* and *Elena Yun* of counsel), for appellant. I. The facts in the record on appeal establish a question of fact that the devices provided to respondent on July 13, 1999 were "proper protection" within the meaning of Labor Law § 240 (1). (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252; *Robinson v Strong Mem. Hosp.,* 98 AD2d 976; *Koumianos v State of New York,* 141 AD2d 189; *Felker v Corning Inc.,* 90 NY2d 219; *Montgomery v Federal Express Corp.,* 307 AD2d 865; *Martinez v City of New York,* 93 NY2d 322.) II. The facts in the record on appeal establish a question of fact that respondent's own actions were the sole proximate cause of his accident. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.,* 1 NY3d 280; *Meade v Rock-McGraw, Inc.,* 307 AD2d 156; *Weininger v Hagedorn & Co.,* 91 NY2d 958; *Heffernan v Bais Corp.,* 294 AD2d 401; *Gomes v State of New York,* 272 AD2d 440; *Bahrman v Holtsville Fire Dist.,* 270 AD2d 438; *Stark v Eastman Kodak,* 256 AD2d 1134; *Vencebi v Waldorf Astoria Hotel Corp.,* 143 AD2d 1004.) III. The facts in the record on appeal establish a question of fact that respondent was a "recalcitrant worker." (*Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Mayancela v Almat Realty Dev.,* 303 AD2d 207; *Miraglia v H&L Holding Corp.,* 306 AD2d 58; *Olszewski v Park Terrace Gardens,* 306 AD2d 128; *DePalma v Metropolitan Transp. Auth.,* 304 AD2d 461; *Laquidara v HRH Constr. Corp.,* 283 AD2d 169; *Crespo v Triad, Inc.,* 294 AD2d 145; *Balthazar v Full Circle Constr. Corp.,* 268 AD2d 96; *Jastrzebski v North Shore School Dist.,* 223 AD2d 677, 88 NY2d 946; *Powers v Lino Del Zotto & Son Bldrs.,* 266 AD2d 668.) IV. Instructions at safety meetings conducted nearly weekly can be the prior instruction which supports a defense of "recalcitrant worker." (*Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Job v 1133 Bldg. Corp.,* 251 AD2d 459; *Mills v Niagara Mohawk Power Corp.,* 262 AD2d 901; *Kulp v Gannett Co.,* 259 AD2d 969; *Frycek v Corning Inc.,* 171 Misc 2d 220.)

*Fischbein Badillo Wagner Harding,* New York City (*Christo-*

*pher A. Marothy* and *Don Abraham* of counsel), for respondent. I. Plaintiff was not provided with adequate protection as a matter of law. (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Felker v Corning Inc.,* 90 NY2d 219; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Hall v Cornell Univ.,* 205 AD2d 872; *Lombardi v Stout,* 80 NY2d 290; *Balthazar v Full Circle Constr. Corp.,* 268 AD2d 96; *Crespo v Triad, Inc.,* 294 AD2d 145; *Tennant v Curcio,* 237 AD2d 733; *Neville v Deters,* 175 AD2d 597; *Kanney v Goodyear Tire & Rubber Co.,* 245 AD2d 1034.) II. Plaintiff's actions were not the "sole proximate cause" of his fall as a matter of law. (*Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.,* 1 NY3d 280; *Montgomery v Federal Express Corp.,* 307 AD2d 865; *Meade v Rock-McGraw, Inc.,* 307 AD2d 156; *Tavarez v Weissman,* 297 AD2d 245.) III. The record does not raise a factual issue of recalcitrance as a matter of law. (*Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Balthazar v Full Circle Constr. Corp.,* 268 AD2d 96; *Crespo v Triad, Inc.,* 294 AD2d 145; *Mayancela v Almat Realty Dev.,* 303 AD2d 207; *Laquidara v HRH Constr. Co.,* 283 AD2d 169; *Peterson v Barry, Bette & Led Duke,* 171 Misc 2d 346; *Jastrzebski v North Shore School Dist.,* 223 AD2d 677; *Powers v Lino Del Zotto & Son Bldrs.,* 266 AD2d 668; *Laurie v Niagara Candy,* 188 AD2d 1075; *Salotti v Wellco, Inc.,* 273 AD2d 862.)

## OPINION OF THE COURT

R.S. SMITH, J.

We decide in this case that, where an employer has made available adequate safety devices and an employee has been instructed to use them, the employee may not recover under Labor Law § 240 (1) for injuries caused solely by his violation of those instructions, even though the instructions were given several weeks before the accident occurred.

### Facts and Procedural History

Since we are reviewing a grant of summary judgment in plaintiff's favor, we state the version of the facts most favorable to defendant that the evidence will support.

Plaintiff was employed in the reconstruction and repair of the Triborough Bridge. His work required him to go up and down wall-like structures known as "forms." A mechanical device called a "man lift" was sometimes available for this purpose, but when it was unavailable employees were expected to climb and to descend by using safety lines affixed to the forms. Em-

ployees wore safety harnesses, equipped with lanyards that could be attached to a hook on the safety line. When the lanyard was attached, the safety line would prevent the worker from falling more than a short distance.

With other workers on the Triborough Bridge construction site, plaintiff attended frequent safety talks that included instruction in the use of safety lines. In addition, several weeks before the accident involved in this case, plaintiff's supervisor, Anthony Dellamorte, "caught him" climbing a form without using a safety line. (Dellamorte remembered this incident as "a month-and-a-half" before the accident; plaintiff thought it was "less than a month" before.) Dellamorte explained to plaintiff the need to attach his lanyard to the safety line when climbing, and plaintiff, for the time being, complied.

On the day of the accident, plaintiff was working inside the upper part of a form, applying grease from a bucket to certain rods. He ran out of grease, went down to the ground to refill his bucket, and started to climb up again. The man lift was in use elsewhere, but plaintiff could readily have used a safety line to climb; such a line was attached to the side of the form where plaintiff climbed, some 10 feet away. Near the safety line were horizontal ribs in the structure on which plaintiff could have rested his grease bucket as he went up.

Plaintiff chose not to use a safety line. Instead, he used a "position hook" on his safety harness; this hook was designed not for use in climbing, but to hold plaintiff stationary while he worked. His procedure was to connect the position hook to the form; put his grease bucket on a nearby ledge; climb to the next cross beam; remove the position hook and reinsert it at a higher point; move the grease bucket up a level; and repeat the process. He fell while climbing, from a height of approximately 10 to 15 feet, and was injured.

Plaintiff sued defendant, the owner of the Triborough Bridge, on several theories, including an alleged violation of Labor Law § 240 (1). Supreme Court granted summary judgment for plaintiff on the section 240 (1) claim, rejecting the argument that plaintiff was a "recalcitrant worker." The Appellate Division, with one Justice dissenting, affirmed, holding that "the recalcitrant worker defense is not applicable" because defendant did not show that plaintiff had " 'disobeyed an *immediate* instruction to use a harness or other actually available safety device' " (4 AD3d 236, 236 [2004] [emphasis added], quoting

*Sanango v 200 E. 16th St. Hous. Corp.*, 290 AD2d 228, 228 [1st Dept 2002]). The Appellate Division granted leave to appeal on a certified question. We now reverse.

## Discussion

Labor Law § 240 (1) provides in relevant part:

> "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

As we explained in *Blake v Neighborhood Hous. Servs. of N.Y. City, Inc.* (1 NY3d 280 [2003]), this section creates a liability that is strict, or absolute, in two senses: the duty it imposes is nondelegable, and thus contractors and owners are liable under the statute whether or not they supervise or control the work; and where an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense. It is still necessary, however, for the plaintiff to show that the statute was violated and that the violation proximately caused his injury. As we held in *Blake*, where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability.

Cases upholding the so-called "recalcitrant worker" defense exemplify this rule. The Appellate Division held in *Smith v Hooker Chems. & Plastics Corp.* (89 AD2d 361, 365 [4th Dept 1982] [Simons, J.]) that an owner who has provided safety devices is not liable for failing to "insist that a recalcitrant worker use the devices." Later cases make clear our approval of this holding (*see Stolt v General Foods Corp.*, 81 NY2d 918 [1993]; *Hagins v State of New York*, 81 NY2d 921 [1993]).

The word "recalcitrant" fits plaintiff in this case well. He received specific instructions to use a safety line while climbing, and chose to disregard those instructions. He was not the less recalcitrant because there was a lapse of weeks between the instructions and his disobedience of them. The controlling question, however, is not whether plaintiff was "recalcitrant," but

whether a jury could have found that his own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of his accident. We noted in *Blake* that "[e]ven when a worker is not 'recalcitrant' . . . there can be no liability under section 240 (1) when there is no violation and the worker's actions (here, his negligence) are the 'sole proximate cause' of the accident" (1 NY3d at 290).

Here, a jury could have found that plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured. Those factual findings would lead to the conclusion that defendant has no liability under Labor Law § 240 (1), and therefore summary judgment should not have been granted in plaintiff's favor.

Accordingly, the order of the Appellate Division should be reversed with costs, plaintiff's motion for summary judgment denied, and the certified question answered in the negative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order reversed, etc.