Orders, Supreme Court, New York County (Richard F. Braun, J.), entered October 16, 2012, which, insofar as appealed from, denied defendants the Retail Property Trust (RPT) and the Art of Shaving-NY, LLC’s (Art of Shaving) motion for summary *587 judgment dismissing the complaint as against them and for summary judgment on their cross claim for common-law indemnification as against defendant Alert Glass & Architectural Metals Corp. (Alert Glass), and denied plaintiffs’ motion for partial summary judgment on their Labor Law § 240 (1) cause of action, unanimously modified, on the law, to grant plaintiffs motion, and otherwise affirmed, without costs. Order, same court, Justice and date, which, insofar as appealed from, granted defendant Alert Glass’s motion for summary judgment dismissing the complaint and defendants RPT and Art of Shaving’s cross claim seeking common-law indemnification as against it, unanimously affirmed, without costs.
Plaintiff sustained injuries when he fell from a ladder while installing vinyl lining in a store front window frame. This work was part of a renovation project being done at the behest of the store occupant, defendant Art of Shaving. Defendant RPT owned the mall where the Art of Shaving store is located. Art of Shaving contracted with nonparty M.D. Collins to act as the general contractor of the renovation project. Collins then subcontracted a portion of the work, specifically, the installation of the windows and doors to defendant Alert Glass. Thereafter, Alert Glass subcontracted with Proper Construction to install the glass.
On the date of the accident, plaintiff, who was employed by Proper Construction, was working outside the store. Specifically, he used a 12-foot aluminum A-frame ladder available at the work site to install vinyl lining around the edges of the storefront window. Other workers had already inserted the storefront windows in their frames. Plaintiff was installing the vinyl lining in order to secure the windows. He was working in a four-foot wide area between the storefront and a “wood barrier” that was constructed to surround the storefront and keep the public away from the work zone. Because debris had been left in the enclosed work zone, plaintiff was precluded from opening up the A-frame ladder. Instead, he kept the ladder in its folded state and alternated leaning it against the storefront window, or against a column to the storefront, depending on where he was inserting the vinyl lining. Only two feet of the folded ladder’s four feet were in contact with the ground while the folded ladder leaned against the storefront. Plaintiff placed his tool bag at the base of the ladder, against its feet, to prevent the ladder from slipping.
Over the course of three hours, plaintiff moved the ladder several times, and leaned it against the storefront. The ladder appeared “wobbly” and “shook” at times. Plaintiff had *588 complained about the ladder’s instability to his supervisor, and asked for another ladder, but none was given. Plaintiff stood on the ladder and inserted the vinyl lining in the window frame. Plaintiff also cut a piece of vinyl from a roll while on the ladder. He then used a pry bar and the handle of a mallet to insert the vinyl material into the window frame. Just prior to falling, plaintiff had a half-used vinyl roll, which weighed approximately ten pounds, hanging on his shoulder. He was “coming down the ladder,” using both hands to hold on, but his foot became “stuck” on the raised sharp points, or spikes, that were on the steps. He tried to pull his shoe off the spikes, at which time he lost his balance and fell.
In or about October 2008, plaintiff commenced this action alleging negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). The complaint also asserted a cause of action by plaintiffs wife for loss of society. Thereafter, Supreme Court denied plaintiffs’ motion for partial summary judgment on the Labor Law § 240 (1) cause of action, and granted defendant Alert Glass’s motion for summary judgment dismissing the complaint and cross claim against it. The court denied RPT and Art of Shaving’s motion for summary judgment dismissing the complaint against them, or alternatively for summary judgment on their cross claim for common-law indemnification as against defendant Alert Glass.
Initially, we find that plaintiffs motion for partial summary judgment on the Labor Law § 240 (1) cause of action should have been granted. Labor Law § 240 (1) imposes liability on contractors and owners for the existence of certain elevation-related hazards and the failure to provide an adequate safety device of the kind enumerated in the statute (see Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904 [2008]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). To establish a claim under this provision, a plaintiff must “show that the statute was violated and that the violation proximately caused his injury” (Cahill, 4 NY3d at 39).
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240 (1) claim as against defendants RPT and Art of Shaving by his testimony that: (1) the ladder was the only one available; (2) the ladder could not be properly opened into an A-frame stance due to excess debris in his narrowly confined work space; (3) he asked his foreman for another ladder, to no avail; (4) the ladder was unusual in that the step treads contained spikes which unexpectedly caught hold of his shoe as he was descending the improperly leaning ladder; (5) he was caused to fall backwards, from a height of approximately *589 six feet; and (6) his right shoulder was injured when it struck the wooden work-zone barrier as he fell.
In opposition, defendants failed to raise a triable issue of fact. Contrary to defendants’ contention that plaintiff was the sole proximate cause of his accident, the record shows that the ladder was inadequate for the nature of the work performed and the gravity-related risks involved (see Lipari v AT Spring, LLC, 92 AD3d 502 [1st Dept 2012]). Moreover, defendants did not show that another safety device was available, but went unused, that plaintiff failed to heed instructions on how to perform his assigned task of installing vinyl lining, or that the cause of plaintiffs injury was unrelated to the ladder’s collapse (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; Lipari, 92 AD3d at 504; Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592 [1st Dept 2010]).
Conversely, plaintiffs’ Labor Law §§ 240 (1) and 241 (6) claims were properly dismissed as against Alert Glass. There was no evidence to support a finding that Alert Glass was delegated “plenary authority” to control and supervise the work site (including plaintiffs work), that it exercised such broad authority, or that Alert Glass was a statutory agent of the owner or general contractor on the project, and thus subject to vicarious liability under Labor Law §§ 240 (1) and 241 (6) (see generally Walls v Turner Constr. Co., 4 NY3d 861 [2005]; Muriqi v Charmer Indus. Inc., 96 AD3d 535 [1st Dept 2012]). The subcontract between the project’s general contractor and Alert Glass did not state, or even reasonably imply, that the general contractor was delegating its responsibilities for supervising and controlling the work at the project to Alert Glass. Alert Glass, a glass fabricator and installer, did not remain on site to supervise and control the glass installation, but rather, subcontracted the responsibility for overseeing the glass installation to a third party, Proper Construction, that hired plaintiff, a union glazer, since union labor was required on the project. Proper Construction’s foreman acknowledged that it was his responsibility to ensure that the union workers were using the proper equipment in a safe manner. There was no evidence to show that Alert Glass undertook the overall responsibility for ensuring safety at the project.
Finally, we find that the Labor Law § 200 and common-law negligence claims, as well as the cross claim for indemnification, asserted against Alert Glass, were properly dismissed. As Alert Glass was not an owner, general contractor or statutory agent, and given that it also lacked authority to control the activity which produced the injury, it cannot be held liable under Labor *590 Law § 200 and common-law negligence for injuries that did not arise from Alert Glass’s work (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317 [1981]). As no factual issues remain as to whether plaintiffs injuries arose from Alert Glass’s work, that branch of Alert Glass’s motion which sought dismissal of RPT and Art of Shaving’s cross claim for indemnification was also properly granted. Concur—Acosta, J.P, Moskowitz, Renwick, Freedman and Clark, JJ. [Prior Case History: 2012 NY Slip Op 32612CU).]