Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered April 5, 2012, which denied plaintiffs cross motion for partial summary judgment on his common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6) claims against defendant IMS Safety Corp., denied plaintiffs cross motion for partial summary judgment on his section 240 (1) claim against defendants Metropolitan Transportation Authority (MTA), New York City Transit Authority (NYCTA), and the City of New York, granted IMS’s motion for summary judgment dismissing the complaint and any cross claims against it, and granted the motions of defendants MTA, NYCTA and the City for summary judgment dismissing the section 240 (1), 241 (6) and 200 claims as against them, affirmed, without costs.
Plaintiff brought this personal injury action after he fell into an uncovered manhole in front of 60 Lafayette Street in Manhattan in January 2005, while performing asbestos removal work below city streets as part of a city environmental project. *631 Plaintiff was employed by third-party defendant PA.L. Environmental Safety Corp. (PAL), the general contractor at the work site. PAL was hired by NYCTA on behalf of MTA, which leased the area of the street surrounding the manhole from the City, the site owner. By subcontract, PAL retained IMS as a safety consultant at the site. The City, MTA, and NYCTA did not contract with IMS or any other party to ensure site safety, and neither supervised nor provided any equipment for the project. A PAL supervisor directed plaintiffs work.
PAL removed asbestos during night shifts that started at about 8:00 p.m. The standard procedure for the asbestos removal work was as follows: At the beginning of each shift, PAL workers constructed a wooden enclosure covered with a plastic sheeting around the manhole to protect the surroundings from asbestos contamination. An opening in the enclosure provided access to the manhole. After the PAL workers erected the enclosure, MTA inspectors checked to see that electricity had been turned off in the manhole, and IMS monitored the below-ground air quality before workers descended. Once given permission, at least two PAL workers — required because of the manhole cover’s weight — removed the cover and placed it outside the enclosure. They then sealed the enclosure opening and descended through the manhole.
At the end of the shift, the PAL workers were directed to remove their equipment from below ground, exit the manhole, replace its cover, and dismantle the containment enclosure surrounding the manhole.
Plaintiffs accident occurred at the end of a shift, after he and two coworkers had finished working below ground and climbed out of the manhole. Instead of covering the manhole as they had been directed, plaintiff and coworkers began dismantling the containment enclosure. Plaintiff then fell into the uncovered manhole. In his deposition testimony, plaintiff acknowledged that his PAL supervisor had told him that same day to cover the manhole before breaking down the enclosure, but that he neither checked nor asked whether the manhole was open before starting work “because the supervisor is supposed to do that.” The only people present at the site when the accident occurred were plaintiff, his two coworkers, and a PAL shop steward.
In June 2005, plaintiff brought this action, asserting claims against defendants for common-law negligence and violation of Labor Law §§ 200, 240 (1) and 241 (6). Thereafter, plaintiff discontinued his negligence and Labor Law § 200 claims against the City and plaintiffs wife discontinued her derivative claims. After discovery, the City, MTA and NYCTA, and IMS separately *632 moved for summary judgment dismissing the complaint against them and plaintiff cross-moved for partial summary judgment against defendants as to liability for his claims.
The motion court denied plaintiffs motion for partial summary judgment and granted defendants’ motions dismissing the complaint finding that plaintiff was the sole proximate cause of the accident because he did not cover the manhole before beginning to dismantle the containment enclosure.
We note at the outset that IMS, the site safety consultant, cannot be liable for the accident under plaintiff’s theories because it was a subcontractor with no supervisory authority over plaintiff or his work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 148 [1st Dept 2012]).
As to Labor Law § 240 (1), which imposes a non-delegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks, liability would attach where a violation of that duty proximately caused injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). Conversely, where a plaintiffs own actions are the sole proximate cause of the accident or injury, no liability attaches under the statute (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). Where a plaintiff has an adequate safety device readily available that would have prevented the accident, and for no good reason chooses not to use it, Labor Law § 240 (1) does not apply (id. at 40).
Here, plaintiff was provided with the perfect safety device, namely, the manhole cover, which was nearby and readily available. He disregarded his supervisor’s explicit instruction given that day to replace the cover before dismantling the enclosure. Plaintiff has not afforded any good reason why he started taking apart the enclosure before ascertaining whether the cover was in place. Having just emerged from it, plaintiff should have known that the manhole was still open, and covering it at that time would have avoided the accident.
Plaintiff’s claim that the statute required defendants to furnish a guardrail around the manhole, or safety netting or a harness, is not applicable here where the manhole cover was the adequate device for protecting the workers. There is no reason that other devices were necessary after the workers exited the manhole or that the manhole cover was inadequate. Moreover, neither a guardrail, netting nor a harness would have prevented the accident as they would have been opened or removed to allow the workers to exit the manhole and to deconstruct the enclosure.
Since none of the remaining named defendants supervised *633 the work, nor were they on notice of any premises defect, there is no basis for liability under Labor Law § 200 or under any theory of common-law negligence (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555 [2006]; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]; Serrano v Popovic, 91 AD3d 626, 627-628 [2d Dept 2012]). The Industrial Code violations cited by plaintiff that would give rise to any claim under Labor Law § 241 (6) did not proximately cause the accident. Concur — Tom, J.P., Friedman and Freedman, JJ.