■ Denzil Daley et al., Respondents, v 250 Park Avenue, LLC, et al., Appellants, et al., Defendants. [5 NYS3d 267]—

In an action to recover damages for personal injuries, etc., the defendant Nucor Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 29, 2013, as, upon reargument, vacated the determination in an order dated October 12, 2011, denying that branch of the plaintiffs' motion which was for summary judgment against it on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and thereupon granted that branch of the plaintiff's motion, and adhered to the determination in the order dated October 12, 2011, denying that branch of its cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it, and the defendant 250 Park Avenue, LLC, separately appeals, as limited by its brief, from so much of the same order dated January 29, 2013, as, upon reargument, vacated the determination in the order dated October 12, 2011, denying that branch of the plaintiffs' motion which was for summary judgment against it on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and thereupon granted that branch of the plaintiff's motion.

Ordered that the order dated January 29, 2013, is modified, on the law, by deleting the provisions thereof, upon reargument, vacating the determinations in the order dated October

12, 2011, denying those branches of the plaintiffs' motion which were for summary judgment against the defendants Nucor Construction Corp. and 250 Park Avenue, LLC, on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and thereupon granting those branches of the plaintiffs' motion, and substituting therefor a provision, upon reargument, adhering to the determinations in the order dated October 12, 2011, denying those branches of the plaintiffs' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant 250 Park Avenue, LLC, payable by the plaintiffs.

In August 2009, the defendant 250 Park Avenue, LLC (hereinafter 250 Park), owned the premises at 250 Park Avenue in Manhattan. The defendant Nucor Construction Corp. (hereinafter Nucor) was the general contractor on a renovation project at those premises. The plaintiff Denzil Daley was employed as an electrical mechanic by one of Nucor's subcontractors. While Daley was feeding wires through a conduit, the A-frame ladder on which he was standing tipped over, causing him to fall and sustain injuries. As relevant on these appeals, Daley, and his wife suing derivatively (hereinafter together the plaintiffs), contend that a violation of Labor Law § 240 (1) was a proximate cause of Daley's fall. 250 Park and Nucor (hereinafter together the appellants) contend that Daley's misuse of the nondefective ladder, including his failure to follow specific safety instructions as to the proper placement and use of the ladder, was the sole proximate cause of the accident.

Upon reargument, the Supreme Court granted those branches of the plaintiffs' motion which were for summary judgment against the appellants on the cause of action alleging a violation of Labor Law § 240 (1), and denied Nucor's cross motion for summary judgment dismissing that cause of action insofar as asserted against it.

The Supreme Court erred in, upon reargument, granting those branches of the plaintiffs' motion which were for summary judgment against the appellants on the cause of action alleging a violation of Labor Law § 240 (1). In order to prevail on a Labor Law § 240 (1) cause of action, a plaintiff must prove that the statute was violated and that the violation was a proximate cause of the injuries (see *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). Proof that the plaintiff's own negligence was *also* a proximate cause will not defeat the claim (see *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 39; *Grant v City of New York*, 109 AD3d 961,

962-963 [2013]). When the evidence establishes, however, that the plaintiff's own negligence was the sole proximate cause of the injuries, the defendant may not be held liable for those injuries (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 39; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 287; *Gittleson v Cool Wind Ventilation Corp.*, 46 AD3d 855, 856 [2007]). The parties' submissions demonstrated that the ladder itself was not defective and was appropriate to Daley's task.

There are triable issues of fact, however, as to whether the ladder was mispositioned and, if so, who mispositioned it, and, if it was mispositioned by Daley, whether his conduct was the sole proximate cause of the ladder's tipping over (*see Corchado v 5030 Broadway Props., LLC*, 103 AD3d 768, 769 [2013]). Therefore, upon reargument, the Supreme Court properly denied that branch of Nucor's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it.

In light of our determination, we need not address the parties' remaining contentions. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.