This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 132  SSM 17
Frank Valente et al.,
          Respondents,
        v.
Lend Lease (US) Construction LMB,
Inc., et al.,
          Appellants,
et al.,
          Defendants.


          Submitted by Christopher Simone, for appellants.
          Submitted by Brian J. Isaac, for respondents.


MEMORANDUM:

          The order of the Appellate Division should be reversed, with costs, and plaintiffs' motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) denied.  The certified question should be answered in the negative.

- 1 -

We agree with the Appellate Division that the fall of Frank Valente (plaintiff) was the result of an elevation-related risk for which Labor Law § 240 (1) provides protection.  We further conclude, however, that there is a triable issue of fact whether plaintiff's "own conduct, rather than any violation of Labor Law § 240 (1), was the sole proximate cause of the accident" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]).  Viewing the facts in the light most favorable to defendants, as we must (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), we conclude that plaintiff's foreman arguably provided conflicting accounts of whether plaintiff had "adequate safety devices available," whether "he knew both that they were available and that he was expected to use them," whether "he chose for no good reason not to do so," and whether "had he not made that choice he would not have been injured" (Cahill, 4 NY3d at 40).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

On review of submissions pursuant to section 500.11 of the Rules, order reversed, with costs, plaintiffs' motion for partial summary judgment on liability pursuant to Labor Law § 240(1) denied, and certified question answered in the negative, in a memorandum.  Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur.  Judge Feinman took no part.

Decided September 5, 2017