Encarnacion v 3361 Third Ave. Hous. Dev. Fund Corp. (2019 NY Slip Op 07746)





Encarnacion v 3361 Third Ave. Hous. Dev. Fund Corp.


2019 NY Slip Op 07746


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10235 304134/14

[*1] Julio Encarnacion, Plaintiff-Respondent,
v
3361 Third Avenue Housing Development Fund Corporation, et al., Defendants-Appellants, Peri Formwork Systems, Inc., Defendant. 
[And Third-Party Actions]


Gerber Ciano Kelly Brady LLP, White Plains (Laura Ashley Martin of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Howard B. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 6, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment against defendants 3361 Third Avenue Housing Development Fund Corporation, 3361 Third Avenue Acquisition LLC, Strategic Construction Corp., and 3361 Third Avenue Partnership, L.P. (collectively, defendants) on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff alleges that he was injured during the disassembly of a formwork structure used to construct a concrete wall. The record shows that plaintiff's supervisor, operating an excavator, lifted a section of formwork out of an excavation pit and moved it to ground level. The formwork remained connected to the excavator bucket via a chain, and was kept in an upright position by brace frames. The connector pins attaching the brace frames to the panel were to be removed so that the brace frames could fall away and the panel could be laid flat on the ground. The brace frames themselves, which stood at least 12 feet tall and weighed approximately 1,500 pounds, were not connected to the excavator bucket or any other device either to hold them upright once the connector pins were removed or to lower them slowly to the ground. When plaintiff removed the last connector pin, the brace frame fell and struck him.
Contrary to defendants' contention, this evidence establishes prima facie that the activity in which plaintiff was engaged is covered under Labor Law § 240(1). Although plaintiff and the brace frame were at the same level at the time of the accident, the work plaintiff was doing posed a substantial gravity-related risk, because the falling of the brace frame away from the formwork panel would have generated a significant amount of force (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]).
An engineer employed by defendant Peri Formwork Systems, Inc., the manufacturer of the formwork structure, testified that if a formwork structure was disassembled on the ground, then the brace frames had to be secured by a crane before removing them, and if the formwork structure was standing upright, then each individual component had to be secured by a crane. He said that an unsecured brace frame freestanding in the air would pose a hazard to any worker standing nearby. This testimony established prima facie that defendants violated Labor Law § 240(1) by failing to furnish or erect adequate safety devices, such as a crane, so as to properly protect those involved in disassembling the formwork structure, and that this failure was a proximate cause of plaintiff's injuries (see Runner v New York Stock Exch., Inc., 13 NY3d 599, [*2]605 [2009]; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523 [1985]).
In opposition, defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident. Defendants' contentions would amount to, at most, comparative negligence, which is not a defense to a Labor Law § 240(1) violation (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286 [2003]; Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1223 [2d Dept 2019]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK