**Navarro v Joy Constr. Corp.**

2024 NY Slip Op 31114(U)

April 2, 2024

Supreme Court, New York County

Docket Number: Index No. 155606/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

EMILIO MORA NAVARRO,

                   Plaintiff,

              - v -

JOY CONSTRUCTION CORPORATION, CARE REALTY
CORP., YYY WEST 36TH STREET, LLC

                   Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155606/2018 |
| **MOTION DATE** | N/A, N/A |
| **MOTION SEQ. NO.** | 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 147, 149, 152, 153, 154, 155, 156, 158, 160, 174, 176

were read on this motion to/for                JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 123, 124, 125, 126, 127, 128, 129, 146, 148, 150, 151, 157, 159, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 175, 177, 178

were read on this motion to/for                JUDGMENT - SUMMARY        .

Motion Sequence Numbers 005 and 006 are consolidated for disposition. Plaintiff's motion (MS005) for partial summary judgment on his Labor Law § 240(1) claim is denied. Defendants' motion for summary judgment dismissing all of plaintiff's claims is granted in part and denied in part and plaintiff's cross-motion to amend his bill of particulars is granted in part.

**Background**

In this Labor Law case, plaintiff contends that he was erecting a suspended scaffold when he fell nearly 8 feet and landed on top of a sidewalk bridge located below. Plaintiff was working as a foreman for non-party Colgate and he was in charge of five workers. He testified that he was

**155606/2018   MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**      **Page 1 of 8**
**Motion No.  005 006**

1 of 8

[* 1]

installing the sides of the scaffold, about 8 feet high, when the accident occurred (NYSCEF Doc No. 137 at 169). Plaintiff explained that he had both a harness and a lanyard but could not tie off in this area because of the presence of a tree (*id*. at 170). He admitted, however, that it was his job as a supervisor to find the tie off points and that he decided to work at that height without finding a tie-off point (*id*.). Plaintiff explained that as he was walking, one of the planks was raised 3 inches and he tripped over the raised plank and fell (*id*. at 183-84). Defendant YYY West 36th Street LLC owned the property and defendant Joy Construction Corporation was the general contractor. Defendant Care Realty Corp. managed the property.

**Labor Law § 240(1)**

Both plaintiff (in MS005) and defendants (in MS006) seek summary judgment with respect to plaintiff's Labor Law § 240(1) claim.

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

"[L]iability [under Labor Law § 240(1)] is contingent on a statutory violation and proximate cause . . . violation of the statute alone is not enough" (*Blake v Neighborhood Hous. Servs. of NY City*, 1 NY3d 280, 287, 771 NYS2d 484 [2003]).

**155606/2018   MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**          **Page 2 of 8**
**Motion No.  005 006**

2 of 8

[* 2]

Plaintiff seeks summary judgment on this claim on the ground that defendants failed to assure that plaintiff was provided with necessary safety equipment for his task in erecting the scaffold. He insists that as part of his job, he had to work at an elevated height atop the scaffold and he fell.

In opposition, defendants insist that plaintiff had all of the protective equipment necessary to prevent the accident but that he decided not to tie off. They claim plaintiff ignored his own superiors by not tying off and working at a height without taking the proper safety precautions.

Plaintiff explains in reply that the scaffold his team was constructing was obstructed by a tree and the only way to finish the job was to raise the height of the scaffold over the sidewalk bridge below. To do this work, plaintiff had to install planks on top of the frames. He insists that he tripped and fell in between a gap where the planks had not been installed. Plaintiff claims that he fell in the middle of the scaffold and that guardrails along the side would not have done anything to prevent his fall. Plaintiff mentions, however, that there is another safety device called a roof line.

Plaintiff includes an expert affidavit (Dr. Pugh), who claims that roof lines "are pieces of rope that are tied to a sturdy beam on the roof that are hung down for workers to attach their harnesses to" (NYSCEF Doc. No. 170, ¶ 28). Dr. Pugh insisted that plaintiff was not provided with a roof line and that one could have prevented the accident and permitted plaintiff to still complete his task of constructing the scaffold (*id*. at 6) Plaintiff testified at his deposition and claimed that he was not provided with roof line equipment that day (NYSCEF Doc. No. 137 at 173-74). ). He insisted that having the roof line would have made the job "safe" (*id*. at 174).

**155606/2018   MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**
**Motion No.  005 006**

**Page 3 of 8**

However, on the other hand, he also swore that having the roof line that day would not have helped him that day (*id*. at 176).

In this Court's view, it is unable to grant summary judgment to either plaintiff or defendants on this cause of action. Although plaintiff clearly met his prima facie burden to show that he is entitled to summary judgment on his Labor Law § 240(1) claim, defendants raised issues of fact concerning whether plaintiff was the sole proximate cause of his accident. "Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake v Neighborhood Hous. Services of New York City, Inc.*, 1 NY3d 280, 289 n8 [2003])

Here, plaintiff admitted at his deposition that it was his job as a supervisor to find "tie-off points" while working at a height and that he decided to do the work without finding a place to tie off (NYSCEF Doc. No. 137 at 170). Plaintiff agreed that it was his job to teach his team how to work in a safe manner (*id*. at 49). And he admits that he had both a safety harness and a lanyard (*id*. at 169-70). Moreover, while plaintiff admitted that he was not provided with the roof lines, he also observed that because there were multiple people with him that day, the roof lines would not have helped him (*id*. at 176). He did not testify that he asked for roof lines and that request was denied even though the deposition testimony makes clear that it was his job as supervisor to find the tie-off points for his workers.

Although plaintiff attempts to explain what he meant when he suggested that the roof lines would not have helped that day in his reply papers (NYSCEF Doc. No. 166 at 8), this Court cannot simply adopt plaintiff's interpretation of this deposition testimony as a matter of law.

**155606/2018   MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**
**Motion No.  005 006**

**Page 4 of 8**

4 of 8

This testimony is unclear—one interpretation suggests that the presence of a roof line may not have prevented the accident while plaintiff claims he was simply asserting that two people could not tie up to the roof line at the same time. Moreover, it potentially conflicts with plaintiff's expert, who opines that the roof lines would have prevented this fall.

The Court observes that a plaintiff has to meet two elements for a Labor Law § 240(1) claim—first, there must be a violation of the Labor Law and, second, this violation has to proximately cause the plaintiff's injuries (*Cahill v Triborough Bridge and Tunnel Auth.*, 4 NY3d 35, 39, 790 NYS2d 74 [2004]). Here, there are issues of fact surrounding whether there was a violation of the Labor Law as plaintiff admitted he had protective equipment: both a lanyard and a harness. Plaintiff, as the supervisor who was tasked with identifying tie-off points, decided to perform the work without ensuring that his lanyard was secured. At the deposition of plaintiff's employer, the Colgate witness insisted that workers are told that they have to use their personal protective equipment at every job site (NYSCEF Doc. No. 128 at 54).

And the Court cannot reach a conclusion as a matter of law that the absence of a roof line was a statutory violation that proximately caused plaintiff's damages because the testimony on that issue is not definitive. A jury could conclude that plaintiff's injuries were solely caused by his decision to work at height without using safety equipment (harness and lanyard) at his disposal that would have prevented his fall. Or the jury might agree with plaintiff's expert (and possibly with plaintiff's explanation about his roofline testimony) that the accident happened because he was not provided with a lifeline/roofline. But this Court cannot reach a conclusion on these papers.

**155606/2018 MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**
**Motion No. 005 006**

**Page 5 of 8**

5 of 8

[* 5]

**Labor Law § 241(6)**

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

"Section 241(6) subjects owners and contractors to liability for failing to adhere to required safety standards whether or not they themselves are negligent. Supervision of the work, control of the worksite, or actual or constructive notice of a violation of the Industrial Code are not necessary to impose vicarious liability against owners and general contractors, so long as some actor in the construction chain was negligent" (*Leonard v City of New York*, 216 AD3d 51, 55-56, 188 NYS3d 471 [1st Dept 2023]).

Defendants seek to dismiss the Industrial Code sections cited by plaintiff. These include Industrial Code sections 23-1.5, 23-1.7, 23-1.16, 23-1.18, 23-5.1, 23-5.2, 23-5.3, 23-5.4, 23-5.5, 23- 5.6, 23-5.7, 23-5.8, 23-5.9, 23-5.10, 23-5.11, 23-5.12, 23-5.13, 23-5.14, 23-5.15, 23-5.16, 23-5.17, 23-5.18, 23-5.19, 23-5.20, 23-5.21, and 23-5.22. They detail that no specific subsections were highlighted in the bill of particulars and claim that these are all inapplicable.

Plaintiff only mentions 23-1.7(b)(1)(iii) and 23-1.16(b) in his opposition papers but did not bother to mention any of the many, many other sections. Curiously, he argues that "the evidence establishes that Defendants violated multiple provisions of the Industrial Code." He

**155606/2018   MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**
**Motion No.  005 006**

**Page 6 of 8**

6 of 8

[* 6]

also, as will be described below, seeks leave to amend his bill of particulars to add 23-1.7(b)(iii) and 23-1.16(b).

The Court therefore dismisses plaintiff's Labor Law § 241(6) claim for all of the Industrial Code sections except for the two he cites in his cross-motion to amend. Both of these sections deal with the roofline/lifeline issue and so defendants cannot claim any prejudice or surprise as this issue was discussed at plaintiff's deposition. However, the Court grants this amendment for only 23-1.7(b)(iii)*(c)* as this is the only subsection highlighted (it is in bold) in plaintiff's papers. This subsection requires that there be "An approved safety belt with attached lifeline which is properly secured to a substantial fixed anchorage." The other two subsections, (a) and (b) appear to be inapplicable and plaintiff did not meet his burden to state a cognizable claim for either of these sections, which deal with a net and planking below an opening. Certainly, as discussed at length above, the parties explored the absence of a lifeline/roofline. But there was no discussion about a net or the need for planking below an opening in plaintiff's cross-motion papers.

The Court recognizes that plaintiff did not identify specific subsections in his bill of particulars and that defendants claim that adding these subsections is prejudicial given that a note of issue was already filed. However, the fact is that plaintiff identified these sections, at least at a general level, and now seeks to pursue two specific subsections. And defendants did not make a motion demanding that plaintiff clarify which subsections he intended to pursue. Certainly, defendants were in a position, prior to plaintiff's deposition, to demand that he name specific subsections; defendants did not seek to compel plaintiff to specify the specific subsections. Or defendants could have questioned plaintiff about every single one of the aforementioned Industrial Code sections, including all of the (unspecified) subsections at his deposition. Having

**155606/2018  MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**
**Motion No.  005 006**

**Page 7 of 8**

not attempted to narrow plaintiff's claims, and because these specific subsections are no surprise, plaintiff's cross-motion to amend is granted as described above.

**Labor Law § 200 and Negligence**

Plaintiff did not oppose the branches of defendants' motion that seek to dismiss the first and second causes of action based on Labor Law § 200 and negligence.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied; and it is further

ORDERED that defendant's motion for summary judgment is granted only to the extent that plaintiff's Labor Law § 200 claim, the claim based on negligence, and plaintiff's Labor Law §241(6) claim with respect to all Industrial Code sections except for 12 NYCRR 23-1.7(b)(iii)(c) and 23-1.16(b) are severed and dismissed and denied with respect to the remaining requested relief; and it is further

ORDERED that plaintiff's cross-motion to amend his bill of particulars is granted only to the extent that he may add 12 NYCRR 23-1.7(b)(iii)(c) and 23-1.16(b).

| 4/2/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155606/2018   MORA NAVARRO, EMILIO vs. JOY CONSTRUCTION CORPORATION**
**Motion No.  005 006**

**Page 8 of 8**

8 of 8

[* 8]