Saula v Harlem Urban Dev. Corp. (2025 NY Slip Op 00835)

Saula v Harlem Urban Dev. Corp.

2025 NY Slip Op 00835

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 29333/19 Appeal No. 3670 Case No. 2024-00595 

[*1]Jose Saula, Plaintiff-Respondent,
v
Harlem Urban Development Corporation, et al., Defendants-Appellants. [And a Third-Party Action]

Wood Smith Henning & Berman LLP, New York (Matthew D. Lavoie of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 29, 2023, which granted plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment on the Labor Law § 240(1) claim based on the uncontested testimony that he slipped on the top, first rung of a wet ladder while descending, and that defendants did not require him to use fall protection gear when using the ladder (see generally Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). The evidence further established that the wet ladder, the only means of access between the first and second floors, lacked slip protection and a tie-off point, in violation of Labor Law § 240(1) (see Lindsay v CG Maiden Member, LLC, 213 AD3d 604, 605 [1st Dept 2023]; Milligan v Tutor Perini Corp., 191 AD3d 437, 437-438 [1st Dept 2021]). In opposition, defendants failed to raise a triable issue of fact.
Inasmuch as plaintiff established that his injury was causally related to a violation of Labor Law § 240(1), the court also properly dismissed defendants' affirmative defense asserting that plaintiff was the sole proximate cause of his accident. "[I]f a statutory violation [of § 240(1)] is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]).
Because the court properly granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim, defendants' arguments regarding plaintiff's Labor Law § 241(6) claim are academic (see Asian v Flintlock Constr. Servs., LLC, 225 AD3d 462, 463 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025