| **Cocozza v Popkin** |
|:---:|
| 2025 NY Slip Op 32169(U) |
| June 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159580/2021 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYNN R. KOTLER**      PART      **08**

*Justice*

-----------------------------------------------------------------------X

THOMAS COCOZZA,

           Plaintiff,

     - v -

GREGG POPKIN, JOAN POPKIN, NEWMARK CUSTOM
HOMES, INC.,

         Defendants.

-----------------------------------------------------------------------X

NEWMARK CUSTOM HOMES, INC.,

         Third-Party Plaintiff,

     -against-

ALL POINTS PLUMBING INC.,

         Third-Party Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159580/2021 |
| MOTION DATE | 04/29/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595300/2025

The following e-filed documents, listed by NYSCEF document number (Motion 003) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 84

were read on this motion to/for        PARTIAL SUMMARY JUDGMENT     .

This action arises from a workplace accident suffered by plaintiff in February 2021 when he allegedly slipped on snow/ice while descending an exposed exterior staircase at a construction project located at 25 Great Oak Way, East Hampton, New York (the "Premises"). At the time of the accident, plaintiff was working for third-party defendant All Points Plumbing Inc. ("All Points"), which was subcontracted to perform plumbing work at the Premises by the general contractor, defendant Newmark Custom Homes, Inc. ("Newmark"). Plaintiff now moves pursuant to CPLR 3212 for partial summary judgment against Newmark as to liability on his causes of action under Labor Law §§ 200 and 241(6). Newmark opposes the motion. The motion is denied.

159580/2021 COCOZZA, THOMAS vs. POPKIN, GREGG ET AL
Motion No. 003

Page 1 of 5

On a motion for summary judgment, the proponent bears the initial burden of making a prima facie showing that it is entitled to summary judgment as a matter of law, providing sufficient evidence that no material issues of triable fact exist (*see Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 74 [2020]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once met, the burden shifts to the opposing party to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]). However, if the proponent fails to make out its prima facie case for summary judgment, its motion must be denied regardless of the sufficiency of the opposing papers (*Alvarez*, 68 NY2d at 324; *Ayotte v Gervasio*, 81 NY2d 1062 [1993]). Summary judgment is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). The court's function on these motions is limited to "issue finding," not "issue determination" (*see id.* at 505).

Labor Law § 200 codifies the common law duty of owners and general contractors to provide workers with a reasonably safe place to work (*Comes v New York State Elec. And Gas Corp.*, 82 NY2d 876, 877 [1993]). There are two categories of personal injury claims under Labor Law § 200 and the common law: those arising from dangerous or defective conditions existing on the premises and those arising from the manner or means in which the work was performed (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44 [1st Dept. 2012]). As relevant here, to demonstrate a *prima facie* case under the former category, plaintiff must prove that the owner or general contractor created the alleged dangerous or defective condition or had actual or constructive notice of it (*id.*).

Labor Law § 241(6) imposes a non-delegable duty on contractors and owners to ensure that "[a]ll areas in which construction, excavation or demolition work is being performed" is "so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein . . . ." The scope of the duty imposed by Labor Law § 241(6) is defined by the safety rules set forth in the Industrial Code (*see Garcia v 225 E. 57th Owners, Inc.*, 96 AD3d 88, 91 [1st Dept. 2012], citing *Ross*, 81 NY2d at 501-02). Thus, to establish liability under this provision, plaintiff must "specifically plead and prove the violation of an applicable Industrial Code regulation" (*Buckley*

159580/2021  COCOZZA, THOMAS vs. POPKIN, GREGG ET AL
Motion No. 003

Page 2 of 5

*v Columbia Grammar & Preparatory*, 44 AD3d 263, 271 [1st Dept. 2007]). Here, plaintiff's motion seeks summary judgment on the Labor Law § 241(6) claim based solely on Newmark's alleged violation of Industrial Code § 23-1.7(d), which states that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition[,]" and that "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

In support of his motion, plaintiff submits and principally relies upon his own affidavit and deposition transcript, as well as the deposition transcripts of Mark Cardone, Newmark's owner, and Marc Keitel, plaintiff's on-site supervisor and the owner of All Points. These submissions suffice to establish plaintiff's *prima facie* entitlement to summary judgment on his claims under Labor Law §§ 200 and 241(6) because they demonstrate that: plaintiff slipped on snow/ice while carrying two bags of plumbing fixtures down an exposed exterior staircase into the basement of the Premises; Cardone was aware, hours before plaintiff's accident, that plaintiff was using the subject stairs and that the stairs were covered in snow and/or ice; and Cardone nevertheless neither cleared away the snow and ice nor cordoned off the stairs to prevent their use.

Newmark, however, raises triable issues of fact with regards to whether plaintiff's own recalcitrance was the sole proximate cause of his injury. Specifically, Newmark points to plaintiff's testimony that he used the stairs despite knowing they were slippery due to snow and ice, as well as to testimony by both Cardone and Keitel that, on the day of the accident, they each instructed plaintiff—and in Cardone's case, repeatedly instructed him—not to use the subject stairs but to instead access the basement using a ladder installed on site for that purpose, which Keitel and plaintiff had previously used without any problem. Newmark thus submits evidence that it provided plaintiff a safe and readily available alternative method of accessing the basement, that both it and All Points specifically instructed plaintiff to make use of this alternative method and not to use the subject stairs, and that plaintiff ignored these instructions and chose for no good reason to continue to use the stairs despite knowing of their slippery condition (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553 [2006]; *Montgomery v Federal*

159580/2021  COCOZZA, THOMAS vs. POPKIN, GREGG ET AL                Page 3 of 5
Motion No. 003

*Express Corp.*, 4 NY3d 805, 806 [2005]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Garcia v Emerick Gross Real Est., L.P.*, 196 AD3d 676 [2nd Dept. 2021]).

Plaintiff contends the recalcitrant worker defense is inapplicable because Cardone's instructions not to use the stairs was not intended as a safety directive but was instead meant to protect the bluestone tread on the subject stairs, which had just been installed the day before. This contention is unavailing. Cardone's testimony regarding his desire to protect the newly installed tread on the subject stairs did not expressly relate to his instructions to plaintiff, but instead related to his erection of a barrier to block access to the stairs the day before the accident, which he believed plaintiff and Keitel had removed. By contrast, Cardone testified that his instructions to plaintiff not to use the stairs were expressly given in response to plaintiff's complaints that the stairs were dangerously slippery.

Similarly unavailing is plaintiff's contention that the recalcitrant worker defense is inapplicable because the available ladder was not a safe alternative method for accessing the basement. Specifically, plaintiff asserts that he could not safely use the subject ladder while holding the bags of plumbing fixtures in even one of his hands. However, plaintiff himself testified that each of the bags he was carrying at the time of his accident weighed only about eight or nine pounds. Moreover, Keitel testified that the ladder could have been used to bring these fittings to the basement, and that plaintiff had on many previous occasions carried materials in one hand while traversing the ladder.

Finally, plaintiff correctly notes that issues of comparative fault are not a bar to an award of summary judgment as to liability on his Labor Law claims (*see Rodriguez v City of New York*, 31 NY3d 312 [2018]). Nevertheless, "[i]t is still necessary . . . for the plaintiff to show that the statute was violated and that the violation proximately caused his injury[,]" and thus, "where a plaintiff's own actions are the *sole* proximate cause of the accident, there can be no liability" (*Cahill*, 4 NY3d at 39 [emphasis added]).

Accordingly, it is

ORDERED that plaintiff's motion for partial summary judgment is denied; and it is further

159580/2021 COCOZZA, THOMAS vs. POPKIN, GREGG ET AL
Motion No. 003

Page 4 of 5

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

| | | |
|---|---|---|
| __6/17/2025__ | | |
| DATE | | LYNN R. KOTLER, J.S.C. |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159580/2021 COCOZZA, THOMAS vs. POPKIN, GREGG ET AL**
**Motion No. 003**

Page 5 of 5

5 of 5